Fremont-Smith, Thayer, J.
This is a legal malpractice action in which plaintiff alleges that defendant negligently prosecuted plaintiffs underlying action in New York against the Lutheran church for sexual abuse by a clergyman.
Count I
Defendant moves pursuant to Rule 12(b)(6) to dismiss Count I of the complaint (breach of contract) on the grounds that emotional distress is not recoverable in a legal malpractice action and that there is no allegation plaintiff would have prevailed in the underlying action but for the defendant’s negligence.
It appears true from the complaint that plaintiff is not seeking as damages the amount he might have recovered in the New York action had it been properly prosecuted, so that his failure to allege that he would have otherwise prevailed in that action appears to be irrelevant.[1] He does allege, however, that defendant’s failure to keep plaintiffs identity anonymous has caused him, inter alia, emotional distress.
Defendants rely on Wehringer v. Powers & Hall P.C., 874 F.Sup. 425 (D.Mass. 1995), aff'd, 65 F.3d 160 (1st Cir. 1995). There, however, the Court, in construing Massachusetts law, while conceding that emotional distress damages have not generally been allowed in legal malpractice actions where the only damages alleged were economic loss, did indicate that where “exceptional facts” are alleged “which would make emotional distress reasonably foreseeable,” such a claim is one for which relief may be granted. Id.
Here, plaintiff alleges that, as a result of his true name being used in the New York action instead of a pseudonym, he has foreseeably suffered emotional distress and other injuries.[2] Accordingly, while the Court will grant the motion to dismiss Count I, it will do so without prejudice so as to allow plaintiff leave to amend in order to allege a sufficient factual basis for his emotional distress claim as required by Iannechino v. Ford Motor Company, 451 Mass. 623 (2008) at 635-36.
Count II (negligence)
Count II incorporates the allegations of Count I. It suffers from the same legal infirmities, but similarly may state a cause of action for which relief can be granted if it is properly amended as indicated above.
ORDER
Accordingly, defendant’s motion to dismiss is allowed but without prejudice to plaintiff filing, within twenty days, an amended complaint setting forth the material facts which comprise plaintiffs alleged emotional distress.

 It appears that plaintiff is unable to allege that his underlying New York action would have probably been successful but for defendant’s negligence, as the New York Court dismissed the case not only because of plaintiffs failure to provide evidence that the church had notice of the minister’s proclivity for child abuse, but also because the lawsuit, which challenged the discipline and supervision of a minister by the church was barred by the First Amendment. Ehrens v. Lutheran Church-Missouri Synod, 269 F.Sup.2d 328 (2003), aff'd, 385 F.3d 232 (2nd Cir. 2004).

 The facts alleged as to plaintiffs foreseeable emotional distress from “stymatization” because of defendant’s failure to identify him by a pseudonym are detailed in plaintiffs opposition to defendant’s motion, but are not alleged in the complaint.